UTICA, Aug. 1824. Mann v. Swift.

to, to vacate the order. The assignment had not been made and certified. How can the assigned property in this case be got back? The assignees hold it in trust for the creditors. The Judge had executed his powers, and the assignment vested the property in the assignee.

*Curia.* We do not view the matter in this light. The first order made pursuant to the statute had been disregarded. The 10 weeks advertisement was necessary to give the commissioner jurisdiction. Till this was done, he had no authority, and the second order was a nullity. The assignment must probably share the same fate, though it is not necessary to pass upon the effect of this; and we must not be understood as doing so. We are not to be guided by a consideration of the embarrassment which may arise from that act.

Motion denied.

---

MANN *against* SWIFT.

The return to a certiorari must contain a complete history of the proceedings in itself—not by reference to the affidavit on which it is founded.

ON certiorari to a Justice's Court. The return of the Justice merely referred to the copy of the affidavits on which the certiorari was founded, and stated that "the same were substantially true, except such parts as relate to the separation and drinking of spirituous liquors by the jurors who tried said cause, which may be true, but the following is what came to my observation," &c.

*M. Hoffman* moved to set this return aside as irregular.

*J. Lynch*, contra.

*Curia.* This practice of referring to, and adopting the affidavit on which the certiorari is founded, is irregular. The return should contain a complete history of the proceedings in itself. Not doing so, it must be set aside.

Rule accordingly.